*Wei v. Sessions*

BIA
Loprest, IJ
A205 235 591

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
>> *Chief Judge,*
> PETER W. HALL,
> DENNY CHIN,
>> *Circuit Judges.*

———————————————————————————

YANJUN WEI,

> *Petitioner,*

> v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

16-3102
NAC

———————————————————————————

FOR PETITIONER: Thomas V. Massucci, New York, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Russell J. E.

Verby, Senior Litigation Counsel;
John D. Williams, Trial Attorney,
Office of Immigration Litigation,
United States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yanjun Wei, a native and citizen of the People's Republic of China, seeks review of an August 29, 2016, decision of the BIA affirming an October 5, 2015, decision of an Immigration Judge ("IJ") denying Wei's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the adverse credibility determination as modified by the BIA. *See Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the

2

circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," "the plausibility of the . . . account," and inconsistencies in her statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Wei was not credible.

Wei's testimony is inconsistent as to whether her mother was aware of her Falun Gong practice. *Compare* App. 117 ("Only my husband know."), *with* App. 135 ("my mother aware of it"). To the extent that she denied her mother's knowledge, moreover, it was reasonable for the agency to find that testimony implausible given that her mother lived with Wei in a small home in which Wei claimed to practice Falun Gong for one to two hours per day. Although Wei explained that her mother went for a walk every time Wei practiced Falun Gong, the IJ was not required to accept that explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

3

The agency also did not err in concluding that Wei's testimony about her arrest undermined her claim. Wei testified that the police handcuffed her and then ordered her to put on her coat. Although a minor point, the IJ was not precluded from relying on the implausibility of the police telling Wei to put on an article of clothing after they had handcuffed her. Although Wei contends that handcuffed persons often wear coats thrown over their heads or upper bodies, the IJ's skepticism of her testimony was based on a plain reading of the record, and "[d]ecisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact." *Delmage v. Corio*, 232 F.3d 38, 44 (2d Cir. 2000).

The agency's demeanor findings, to which "[w]e give particular deference," further support the adverse credibility determination. *Chen v. DOJ*, 426 F.3d 104, 113 (2d Cir. 2005). The record supports the conclusion that Wei became hesitant and nonresponsive on cross-examination, requiring the attorney to repeat questions to elicit direct and complete answers.

Moreover, Wei failed to resolve her credibility issues with reliable corroboration of either her Falun Gong practice or past

4

persecution.  *See Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  The IJ reasonably gave diminished weight to a discharge letter from Wei's previous employer and a detention notice from the Kaifeng Municipal Public Security Bureau because the drafters were unavailable for cross examination and the documents were unauthenticated.  And the only evidence of Wei's Falun Gong practice was a letter from a friend and photographs of Wei posing in various unidentified positions.  *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

We note that the agency erred in finding that Wei was unable to explain how the police became aware of her Falun Gong practice given her testimony that a residential committee member reported her activities.  In addition, the agency erred in finding that Wei was not consistent as to the day on which she was arrested, as there is no contradiction between her arrest on a Saturday and her testimony that she worked that day.  Her testimony makes clear that although she generally worked Monday to Friday, she also worked on weekends when necessary.  But given (1) the inconsistency and implausibility of her testimony concerning her mother's knowledge about her Falun Gong

5

practice; (2) the demeanor finding; and (3) Wei's lack of reliable corroborating evidence, substantial evidence supports the agency's adverse credibility determination. The errors do not mandate remand because "the agency's ultimate ruling . . . is supported by the substantial evidence and it is clear that the same decision would be made on remand." *Li v. Lynch*, 839 F.3d 144, 149-50 (2d Cir. 2016). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court